Mark Connot (10010)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas Nevada 89135
Telephone: 702.262.6899
Fax: 702.597.5503
mconnot@foxrothschild.com

John Shaeffer (*admitted PHV*)
Jeff Grant (*admitted PHV*)
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, California 90067-1506
Telephone: 310.598.4150
Fax: 310.556.9828
jshaeffer@foxrothschild.com
jgrant@foxrothschild.com

William Rudy (*admitted PHV*)
**FOX ROTHSCHILD LLP**
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: 303.292.1200
Fax: 303.292.1300
wrudy@foxrothschild.com

*Attorneys for Plaintiffs Pharma Tech Solutions, Inc.
And Decision IT Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHARMA TECH SOLUTIONS, INC. and DECISION IT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> LIFESCAN, INC., LIFESCAN SCOTLAND, LTD. and JOHNSON AND JOHNSON <br><br> Defendants. | Case No.: 2:16-cv-00564-RFB-PAL <br><br> **PLAINTIFFS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE** |

Plaintiffs Pharma Tech Solutions, Inc. ("Pharma Tech") and Decision IT Corp. ("Decision IT") (collectively "Plaintiffs") hereby object to Defendants Lifescan, Inc., Lifescan Scotland, Ltd. and Johnson & Johnson (collectively "Lifescan") request for judicial notice.

## I. INTRODUCTION

In an attempt to support their Motion to Dismiss the Complaint under Rule 12(b)(6) (Dkt. No. 34) ("Motion") and purportedly establish their factually-driven theories of this case at a preliminary stage of these proceedings as a matter of law, Lifescan asks this Court to reject factual allegations set forth in Plaintiffs' Complaint at the pleading stage and decide disputed factual issues based on the content of external documents. These external documents include a declaration from Lifescan's retained expert and prosecution history for the infringed patents, U.S. Patent Nos. 6,153,069 (the "'069 patent") and 6,413,411 (the "'411 patent") (collectively, the "Patents-in-Suit").

The material concerning which Lifescan seeks judicial notice was not attached to Plaintiffs' Complaint nor referenced in the Complaint, and are therefore not a proper basis for judicial notice. *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 998-999 (9th Cir. 2011) (judicial notice may only be taken of evidence not attached to the complaint if the complaint "necessarily relies" on the evidence and it is "central to the plaintiff's claim"). *Indeed, Lifescan did not even file the prosecution history that is the subject of its request for judicial notice.* Rather, Lifescan points the Court to a letter from one of Lifescan's own attorneys that "summarizes[]" the prosecution history. Motion at 21:23-28. Lifescan's request is utterly baseless and should be denied.

## II. LEGAL STANDARD FOR TAKING JUDICIAL NOTICE ON A MOTION TO DISMISS

When ruling on a Rule 12(b)(6) motion to dismiss, courts generally may not take judicial notice of material outside the pleadings. *United States ex rel. Lee*, 655 F.3d at 998-999. In limited circumstances, courts may consider materials that are not attached to the complaint on which the complaint "necessarily relies," however, judicial notice may only be taken of such unattached evidence if: "(1) the complaint refers to the document; (2) the document is central to the plaintiffs claim; and (3) no party questions the authenticity of the document." *Id*. at 999 (emphasis added); *Goto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (unattached documents may be considered only "[i]n situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance"). However, a complaint's "mere

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE
ACTIVE 42063916v1 09/01/2016           1

mention of the existence of a document is insufficient to incorporate the contents of a document." *Goto Settlement*, 593 F.3d at 1038.

Moreover, under Federal Rule of Evidence Rule 201, a Court is permitted to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b) (emphasis added). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (internal citation omitted).

"[T]he Ninth Circuit tends to be strict with its application of Rule 201(b)." *Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1311 (S.D. Cal. 2003). Significantly, judicial notice may not be used to trump a plaintiff's well plead allegations in the complaint, weigh evidence and resolve triable questions of fact. *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("judicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint") (*quoting CPI Advanced, Inc. v. KongByung Woo Comm. Ind., Co.*, 135 Fed. Appx. 81, 83 (9th Cir. 2005)); *In re Network Equipment Technologies, Inc. Litigation*, 762 F.Supp. 1359, 1363 (N.D. Cal. 1991) ("[t]he Court should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss plaintiffs complaint"); *United States ex rel. Lee*, 655 F.3d at 999 (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to [the defendant] that could reasonably be disputed").

In *Network Equipment*, 762 F.Supp. at 1363, the defendant requested that the court take judicial notice of certain facts that allegedly undermined the plaintiff's securities complaint, such as the amount of stock actually sold. The court held that this was inconsistent with the purpose of judicial notice:

> Upon a motion to dismiss, the Court must assume that plaintiffs' allegations are true, construe the complaint in a light most favorable to plaintiff and resolve every

doubt in plaintiffs favor. The Court should not use judicial notice to generate an evidentiary record and then weigh evidence—which plaintiffs have not had the opportunity to challenge—to dismiss plaintiffs' complaint. While defendants' arguments on the facts may ultimately prevail upon a motion for summary judgment or at trial, they do not create a basis for dismissing plaintiffs' complaint.

### III. LIFESCAN'S REQUEST FOR JUDICIAL NOTICE IS IMPROPER

Lifescan's Motion asks the Court to judicially notice two documents in connection with its Rule 12(b)(6) Motion. However, these documents are not the proper subject of judicial notice.

Dr. Meyerhoff's Declaration (Motion, Ex. 3): Lifescan asks the Court to take judicial notice of a 2012 expert declaration filed by Lifescan in another action, *Lifescan Scotland, Ltd. v. Shasta Techs., LLC*, Case No. 11-cv-4494 (N.D. Cal) (the "California Case"). Motion at 12:3-13:2 and n. 4. Lifescan offers the declaration as evidence of the truth of the matters set forth therein. In his declaration, Dr. Meyeroff describes how the One Touch Ultra meters and test strips ("Accused Products") operate. Motion at Ex. 3, ¶¶ 39-40. Lifescan's Motion uses this declaration as evidence of how the Accused Products operate. Motion at 12:11-2. The Court should deny Lifescan's request.

First, while the Court can take judicial notice of court filings, a judicially noticed document cannot be used as evidence for the truth of the matters set forth therein. *Coal. for a Sustainable Delta v. F.E.M.A.*, 711 F.Supp.2d 1152, 1173 (E.D. Cal. 2010) (distinguishing *Reyn's Pasta Bella, LLC v. Visa LLC*, 442 F.3d 741, 746, n. 6 (9th Cir. 2006), on the grounds that the moving party was attempting to use a declaration in a prior action as evidence for the truth of the matter set forth therein; "This is not a permissible use of a judicially noticed document."). Second, the document is not referenced in the Complaint or central to Plaintiffs' claims, and therefore cannot be considered in a Rule 12(b)(6) motion. *Goto Settlement*, 593 F.3d at 1038. Finally, Lifescan's proposed use of this document – to contravene an express allegation – is improper. *Network Equip.*, 762 F.Supp. at 1363; *Patel*, 253 F.R.D. at 546.

Prosecution History (Motion, Ex. 5): Lifescan also asks this Court to take judicial notice of the prosecution history relating to the Patents-in-Suit. Motion at 21:23-22:13. *Incredibly, however, Lifescan did not actually file any of the prosecution history with the Court. Rather, Lifescan offers*

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE
ACTIVE 42063916v1 09/01/2016                3

*the prosecution history as "summarized" by one of Lifescan's lawyers in a letter.* Motion at 21:26, Ex. 5. Lifescan's Motion is – of course – devoid of any authority suggesting that attorney letters can be judicially noticed for the truth of the matters set forth therein and can be used to contravene allegations set forth in a complaint. Further still, the attorney letter is not referenced in the complaint and Plaintiffs' proposed use of the material, to contravene an express allegation, is improper. *Goto Settlement*, 593 F.3d at 1038; *Network Equip.*, 762 F.Supp. at 1363; *Patel*, 253 F.R.D. at 546.

Finally, the prosecution history would not be subject to judicial notice for the purposes of deciding a Rule 12(b)(6) motion even if it was referenced in the Complaint and actually filed by Lifescan with the Court (it was not). In its Motion, Lifescan asks the Court to interpret and apply statements made during the prosecution to Plaintiffs' claims. Courts routinely refuse to interpret prosecution history in conjunction with a pleadings challenge. *See*, *e.g.*, *Max Sound Corporation v. Google, Inc.*, 2015 WL 2251060, *3-*4 (N.D. Cal. 2015) (denying Rule 12(b)(6) motion to dismiss that was based on statements made by patentee during the prosecution of the patent-in-suit and holding that the court "declines to take judicial notice of Defendants' interpretation of the [prosecution history]. A Rule 12(b)(6) motion is not the proper vehicle to examine and interpret the prosecution history."). This Court should decline Lifescan's invitation to engage in an analysis of the prosecution history under the auspices of Rule 12(b)(6).

## IV.     CONCLUSION.

For all of the foregoing reasons, Lifescan's request for judicial notice should be denied.

Dated: September 1, 2016              FOX ROTHSCHILD LLP

*/s/ Mark J. Connot*
Mark Connot (10010)
1980 Festival Plaza Drive, Suite 700
Las Vegas Nevada 89135
*Attorneys for Plaintiffs Pharma Tech Solutions, Inc. and Decision IT Corp.*